ALBERT WARNER and HARRY M. WARNER, Respondents, v. PATRICK A. POWERS, Appellant.

First Department, January 13, 1922.

Contracts — agreement between parties to organize new corporation and by plaintiffs to transfer all of stock of old corporation to new — provision in agreement that if plaintiffs could not acquire minority interest and minority stockholders would not take stock in new corporation, defendant would advance money to purchase minority stock for new corporation — minority stock eventually purchased by plaintiffs and transferred to new corporation under alleged oral agreement by defendant to reimburse plaintiffs — defendant not liable.

The plaintiffs and the defendant and a third party entered into an agreement to organize a new corporation whereby the plaintiffs agreed to transfer to the new corporation all of the stock of an old corporation of which they were the principal stockholders, in consideration of the issuance to them of all of the stock of the new corporation and its obligation for $40,000. It was contemplated at the time of the agreement that the plaintiffs would have possession of certain minority stock of the old corporation, but it was provided that in case they could not possess

themselves of it, the minority stockholders would have the option of coming into the new corporation on the ratio of five shares of stock in the new corporation for one of the old, and that in case they refused to take advantage of that option, the defendant would advance the money necessary to buy the minority stock and would be relieved to the extent of the amount so paid on his obligation under the agreement to transfer to the new corporation certain property and at the same time the $40,000 obligation of the new corporation to the plaintiffs would be reduced by a like amount. The new corporation was organized and pursuant to the terms of the agreement all of the stock was issued to the plaintiffs and they returned to the treasury of the corporation a certain portion thereof agreed upon and assigned an agreed portion to the defendant and to the said third party. Thereafter, the plaintiffs purchased the minority stock and delivered it to the new corporation under an agreement, as they alleged, with the defendant that he would reimburse them for the amount so paid.

*Held,* that the contract by the defendant to purchase the minority stock was simply a contract in behalf of the new corporation under which he, as its agent, was to advance the money for the purchase of the stock for which he would have the liability of the corporation.

Furthermore, if the purchase of the stock by the plaintiffs was for the defendant, as they alleged, on his agreement to reimburse them, no cause of action existed against the defendant, since the plaintiffs purchased and delivered the stock to the new corporation.

Since the plaintiffs were under an obligation to deliver all of the capital stock of the old corporation in consideration of the capital stock and the $40,000 obligation of the new corporation, and since the plaintiffs have been paid in full on the $40,000 obligation by the transfer of stock in the new corporation to them, the minority stock which they purchased and delivered to the new corporation has, by that transaction, been fully paid for, and the payment to the plaintiffs by the corporation for the minority stock discharged any liability which the defendant may have incurred in favor of the plaintiffs on the purchase of said stock.

APPEAL by the defendant, Patrick A. Powers, from a judgment of the Supreme Court in favor of the plaintiffs, entered in the office of the clerk of the county of New York on the 7th day of March, 1921, upon the verdict of a jury, and also from an order entered in said clerk's office on the 14th day of March, 1921, denying defendant's motion to set aside the verdict and for a new trial made upon the minutes.

*Ingraham, Sheehan & Moran* [*Samuel F. Moran* of counsel; *Carl A. Rood* with him on the brief], for the appellant.

*Thomas & Friedman* [*Abel Cary Thomas* of counsel; *Stanleigh P. Friedman, Harold S. Bareford* and *Avrom M. Jacobs* with him on the brief], for the respondents.

SMITH, J.:

The action is brought upon a contract made between the plaintiffs, as parties of the first part, and the defendant, as party of the second part, and one Selznick, as party of the third part. The plaintiffs owned all but 115 shares of the stock of the Warner's Feature Film Company. Together with Powers and Selznick, they proposed to organize a new corporation called the Warner's Features, Inc., and the plaintiffs agreed to transfer to the new corporation all the stock of the old corporation in consideration of all the stock of the new corporation and its obligation for $40,000. That corporation was to be organized with $750,000 of common stock and $250,000 of preferred stock. All of the preferred stock and $250,000 of the common stock was to be put back into the treasury of the corporation by the plaintiffs. That left $500,000 of common stock, of which $125,000 went to the defendant Selznick, $125,000 to the defendant Powers, and the balance to the Warners, so that the Warners owned one-half of the common stock that was outstanding. The contract gave the option to the holders of this 115 shares of the Warner's Feature Film Company to transfer their stock at the rate of one share for five shares of the new corporation, and by section 12 of the contract' it is provided: " Should any of the said minority stockholders refuse to accept the said exchange of stock at the said ratio of five to one, then, and in that event the party of the second part agrees to purchase the stock of the said minority stockholders in the said Warner's Feature Film Co. at the rate heretofore agreed upon between them, and the parties of the first part * * *. In such event the sum so advanced by the party of the second part shall be deducted from the amount he agrees to advance in merchandise, pursuant to paragraph nine hereof, and shall likewise be deducted from the sum of about $40,000 to be paid to the parties of the first part pursuant to the provisions of the said ninth paragraph by the corporation to be formed." In the 9th paragraph it was provided that the party of the second part, this defendant, should assign to the new corporation films or merchandise to the amount of $40,000 for which he was to receive its note, and that the new corporation should issue to the parties of the first part notes to the amount of $40,000. The holders

of the minority stock in the Warner's Feature Film Company refused to exchange their stock and at the request of the defendant, as the plaintiffs swear, the plaintiffs purchased this stock and paid for the same and turned the stock over to the new corporation. This action is brought to recover the moneys advanced for the purchase of this stock, not upon the contract itself, but upon the oral contract thereafter made by Powers, the defendant, to reimburse the plaintiffs for the moneys paid therefor.

In the first place it is evident that this contract of Powers to purchase this stock was simply a contract in behalf of the corporation. He was to advance the money, for which he would have the liability of the corporation. This is demonstrable, I think, from other parts of the contract. It is provided that if the owners of this minority stock should consent to take the five shares of the new corporation for one of the old, that stock was to be furnished ratably by the plaintiffs and Powers and Selznick. If they refused, Powers was to purchase this stock, but it is evident that Powers was to purchase it for the company, because it was provided that the liability of the new company of about $40,000 to the plaintiffs should be diminished. In other words, that the company should in fact pay the amount to be paid for that stock by deducting the same from its liability to plaintiffs, and, further, if the purchase was for Powers, no cause of action is shown, because the stock was purchased and delivered to the company, not to Powers. It is also provided in the 9th paragraph of the contract that Powers was " to assign and transfer to the said corporation to be formed, films or merchandise at a price hereafter to be agreed upon, or at a cost to the value of forty thousand dollars ($40,000), and to take in payment therefor the promissory note of the said corporation, payable two (2) years after date," and in the 12th paragraph of the contract it is provided that in the event of the purchase by Powers of this minority stock the sum so advanced by the parties of the second part shall be deducted from the amount he agrees to advance in merchandise pursuant to paragraph 9 of the contract and shall likewise be deducted from the sum of about $40,000 to be paid to the parties of the first part pursuant to the provisions of the said 9th paragraph.

Just how Powers was to be compensated by the new company for any money he should advance for the purchase of the minority stock does not clearly appear. It may be that he was to receive $40,000 in notes and at the same time his obligation to furnish films and merchandise to the company was diminished to the extent of the moneys that he paid for the purchase of the stock, or it may be that he was only to receive the value of the films and merchandise which he turned over with the implied obligation of the new corporation to pay him the moneys thus advanced. This question seems to me to be immaterial to this discussion because in any event the purchase was for the corporation and he was to receive reimbursement for the moneys expended. Powers did in fact transfer to the company property to the full value of $40,000.

Powers denies any agreement to reimburse the plaintiffs for the moneys paid for the stock, and says that the plaintiffs purchased this stock of their own accord and, having paid the money therefor, they could insist upon payment in full of the $40,000, provided for in paragraph 9 of the contract, and that the price paid for the minority stock should not be deducted from the liability of the new company to the plaintiffs.

Another suggestion is made in the briefs which has some apparent force, and that is that the Warners were, at all times, to have one-half of the stock outstanding. If the minority stockholders in the corporation should exchange their stock, the stock to be contributed to make the exchange was to be given ratably, which would still leave the Warners with one-half of the stock.

Even if Powers was simply to advance the moneys for that purpose, if he requested the plaintiffs to purchase this stock of the minority stockholders and agreed to reimburse them for the moneys they paid, he would clearly be liable on that promise. But it appears in a transaction thereafter had between the plaintiffs and this new corporation, the plaintiffs, having theretofore sold out their interests in the corporation, bought in again and part of the consideration paid by the plaintiffs for the purchase of this stock was the release of this entire indebtedness of about $40,000 of the new corporation to them under paragraph 9 of the old contract. If it can be

deemed that the plaintiffs bought any of this stock upon the promise of Powers to recompense them, nevertheless, they have been fully paid by the corporation itself for the stock which was under the agreement to be purchased by Powers. These facts appear clearly in the evidence of the plaintiff Warner. In referring to the subsequent purchase of this stock from the company, he was asked where they got the money to buy the stock, and the plaintiff answered: " They owed us at the time — Q. Who is they? A. Warners Features, Incorporated, owed us just about the amount that the stock came to. Q. So you took stock then for that indebtedness? A. Yes, I did. Q. You took the stock for the indebtedness really of the Warners Features, which was the indebtedness of the old company to you, I think you said? A. The indebtedness of the Warners Features, Incorporated, at that time. Q. Yes, and that was an indebtedness that came over from the old company? A. Why, some of it, I guess, was. Q. You took stock for it? A. I took stock for it. Q. That is the indebtedness mentioned in the contract, of $30,000 or $40,000? A. Yes, sir. Q. That is the same one? A. That is the indebtedness. Q. What? A. Yes. Q. And you took shares of stock of the Warners Features, Incorporated, for that? A. Yes, sir, and cancelled Selznick's contract, option. Q. And also cancelled your debt from the Warners Features, Incorporated, to you? A. That is right." It thus appears that the plaintiff received the full amount of the indebtedness mentioned in paragraph 9 of the contract of $40,000, for which the new company was to give its notes, and which was to be diminished in case of the purchase by Powers in case these minority stockholders refused to make the exchange, and which was to be diminished if Powers purchased this stock as he was required to do under the contract. It is true that payment by a stranger would not be deemed payment so as to prevent a recovery. But payment by the principal for whose benefit this stock was bought is clearly payment of the liability of the agent Powers and satisfies the liability.

It is claimed, however, that payment was not alleged in the answer. It probably should have been alleged, but the evidence was not objected to on the ground of pleading at any stage of the proceedings. The evidence was admitted without

objection. The court charged the jury that if this had been paid the plaintiffs could not recover. To that charge an exception was taken, but the attention of the court was not called to the fact that it was not pleaded, and the plaintiffs' counsel asked the court to charge the jury that there is no pleading or allegation of payment in defendant's answer, which the court charged, showing that the question of lack of pleading was simply considered as bearing upon the probabilities of the case. Notwithstanding that the jury has found presumptively that the plaintiffs have not been paid, still upon the explicit admission of Warner in this part of his testimony that he received the full amount of the $40,000 provided in paragraph 9 of the contract, and in view of the fact that that amount was to be reduced by the purchase price of the stock, if the stock was to be purchased by the defendant, I think that the payment stands practically proven. In any event there was abundant evidence upon which the jury could so find.

The trial of the case was confused, for which the attorneys were all at fault and by reason of the careless manner in which these people did business together, but with the fact of payment by the corporation proven, I do not see how there can be any liability of this defendant to pay a second time, and, therefore, recommend that the judgment and order be reversed and a new trial ordered, with costs to appellant to abide the event.

CLARKE, P. J., DOWLING and PAGE, JJ., concur; GREENBAUM, J., concurs in result.

Judgment and order reversed and new trial ordered, with costs to appellant to abide event.